UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBORAH G. CULOTTA** | * | CIVIL DOCKET |
| VS | * | NO. |
| **SODEXO REMOTE SITES PARTNERSHIP, formerly UNIVERSAL SERVICES, UNIVERSAL OGDEN, UNIVERSAL SERVICES, INC., and UNIVERSAL SODEXO** | * | SECTION "  " ( ) |

* * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES FOR AGE, GENDER
AND DISABILITY DISCRIMINATION**

NOW COMES Claimant, DEBORAH G. CULOTTA, a person of the full age of majority and domiciled within the jurisdictional territory of this Court, who complains as follows:

**JURISDICTION**

1. This Court has jurisdiction over Petitioner's Civil Rights claims under the following statutes:

    a. Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 - 634, for discrimination in employment based on age;

    b. American with Disabilities Act 42 U.S.C. 12101 (12111 - 12117), for discrimination in employment based on disability;

    c. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq., which prohibits discrimination in employment based on gender.

2. **Pendent Jurisdiction** of state claims under **La. Civil Code 2315 and 1953** for fraud;

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On November 8, 2010, petitioner filed with the EEOC a charge of discrimination against defendant(s) alleging age, disability and gender discrimination in employment, bearing charge number 461-2010-02081.

4. On April 8, 2011, the EEOC issued a notice of right to sue, and petitioner files these claims within the requisite period of time.

## VENUE

5. Venue lies in this Court under 28 U.S.C. 1391 as defendant resides and/or does business within the Eastern District of Louisiana, and the violations took place within this district.

## FACTUAL ALLEGATIONS

6. Plaintiff re-avers, and incorporates herein by reference, *in globo and in extenso*, the factual allegations contained in the Charge filed with the EEOC, including, but not limited to, all factual allegations and predicates regarding gender, disability and age, attached hereto as exhibit A in two (2) parts.

## THE SCHEME AND CONSPIRACY

**FRAUD**

7. Claimant began employment with Sodexo Remote Sites Partnership (Sodexo) in 1983.

8. Claimant held various positions with defendant, and in April of 2004 Plaintiff held

the position of Personnel Manager while performing the duties of her direct supervisor, Wayne Davis (HR Director).

9. When Wayne Davis left the position of HR Director, Plaintiff, already performing HR Director duties, was given the title of HR Director, however, claimant was not paid the same rate of pay as male and younger predecessors.

10. In order to entice and induce Plaintiff into performing the duties of HR Director without the same rate of pay as her male and younger predecessors, Sodexo's new management made the intentional and false promises and mis-representations that defendant would eventually pay claimant the same pay as her male and younger predecessors.

11. Defendants intentionally and falsely represented to Claimant that she would be paid the same as male and younger predecessors and successors via periodic increases.

12. Claimant was never paid the same rate of pay as her male and younger predecessors or successor.  This was an intentional and fraudulent misrepresentation to keep claimant performing those duties for less pay both under the official title as HR Director and, subsequently, under different titles.

13. Defendants, as part of their scheme and conspiracy to use claimant to perform the HR duties and then fire her, eventually took away her title, but kept her performing the same HR duties with different titles, for less pay than her male and younger counterparts.

14. Eventually, defendants took the duties of HR director from Plaintiff, and paid her younger, male and less experienced successors more pay for the same work.

15. Finally, in order to force Claimant to quit, defendant concocted the necessity for Claimant, for the first time, to go on vessels on water, knowing that Claimant had a serious problem with water.

16. Claimant, by defendants' design, plan and intent, was forced to quit because of the defendants' refusal to pay her equally with male and younger employees and due to defendants' intentional plan to force Plaintiff out through the bogus requirement of having to go on vessels on the water.

17. Defendants intent, scheme, plan and design was to keep Claimant performing HR duties as cheaply as possible under fraudulent pretenses until they forced her to resign, as new management's intent and plan was to move out older and female employees from certain positions.

## COUNT I

18. By committing the intentional and negligent acts complained of, defendants have violated petitioner's rights under the **ADEA,** Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 - 634, for discrimination in employment based on **age**.

19. This and other violations have caused petitioner loss of pay, loss of benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT II

20. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

21. By committing the intentional and negligent acts complained of, defendants have violated petitioner's rights under the **ADA,** American with Disabilities Act 42 U.S.C. 12101 (12111 - 12117), for discrimination in employment based on **disability**.

22. These and other violations have caused petitioner loss of pay, loss of benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT III

23. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

24. By committing the intentional and negligent acts complained of, defendants have violated petitioner's rights under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq, as amended, for discrimination based on **gender**.

25. This and other violations have caused petitioner loss of pay, loss of benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in

compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT IV

26. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

27. By committing the intentional acts complained of, defendants have violated petitioner's rights under **La. Civil Code 2315 and 1953**, for intentional fraud and fraudulent inducement in the intentional misrepresentations to pay Petitioner equal pay with male and younger employees.

28. This and other violations have caused petitioner great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

WHEREFORE, petitioner, DEBORAH G. CULOTTA, prays that this Petition be filed and served and, after due proceedings, there be judgment in her favor and against defendant SODEXO REMOTE SITES PARTNERSHIP for compensatory, punitive, exemplary, general, legal, equitable, nominal, and all other damages that this Court deems necessary and proper.

Respectfully Submitted:

_____s/_____
John-Michael Lawrence (8143)
John-Michael Lawrence, LLC
Energy Center - Suite 2900 - PMB 204
1100 Poydras Street
New Orleans, La. 70163-2900
(504) 585-7797 tel
(225) 744-8748 fax
JMLaw122@cox.net